IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CYNTHIA FAIRLEY                                                         PLAINTIFF

v.                                                             Civil No. 1:16-cv-43-HSO-JCG

CAROLYN W. COLVIN,
*Commissioner of Social Security*                                       DEFENDANT

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED

BEFORE THE COURT is Plaintiff Cynthia Fairley's Application [2] to Proceed in forma pauperis. Plaintiff, through counsel Mager A. Varnado, Jr., filed her Complaint seeking judicial review of a decision by the Commissioner of Social Security. Having considered Plaintiff's Application to proceed in forma pauperis, accompanying affidavit, and relevant law, the undersigned recommends that the Application be denied and that Plaintiff be directed to pay the full civil filing fee by April 18, 2016.

"Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988)(citing 28 U.S.C. § 1915(a)). The district court must determine whether payment of all or a part of the costs will cause the plaintiff undue financial hardship in light of her financial resources and liabilities. *Id.* The Court's determination is reviewed for an abuse of discretion. *Id.*

The Application filed by Plaintiff indicates that Plaintiff's spouse supports Plaintiff and their daughter who is sixteen. Plaintiff represents that she has no income but her spouse's income is $2,400.00 per month, or $28,800.00 annually.

Plaintiff's family lives in a home valued at $350,000.00. The Application provides that the home is an asset owned by Plaintiff and her spouse, but the Application also states that Plaintiff's spouse pays a monthly mortgage payment of $1700.00, which includes real estate taxes and property insurance. According to the Application, Plaintiff and her spouse own two vehicles: a 2007 F-150 truck valued at $7,000.00, and a 2011 BMW 325i valued at $13,000.00. The Application also states that Plaintiff's spouse pays $249.00 a month in installment payments for a motor vehicle. Plaintiff asserts that her household's monthly utility expenses are $800.00, food costs are $250.00 per month, and transportation costs are $314.00 per month.

This Court as well as others have utilized the U.S. Federal Poverty Guidelines to assess an applicant's financial condition. *Young v. Citi Mortg., Inc.*, No. 3:13cv836-DCB-MTP, 2014 WL 1883675, *2 (S.D. Miss. May 12, 2014)(collecting cases). The federal poverty guideline for a family of three is $20,160.00 annually. *See* Annual Update of the HHS Poverty Guidelines, 81 Fed.Reg. 4036 (Jan. 25, 2016). Plaintiff's household income exceeds the poverty guideline for a three-person household by $8,640.00. Having considered the expenses and assets reported in Plaintiff's Application and the applicable federal poverty guideline, the undersigned is of the opinion that Plaintiff is capable of paying the $400.00 civil filing fee ($350.00 + $50.00 administrative fee) without undue hardship if given a reasonable amount of time to tender this amount. Under the circumstances presented, Plaintiff should not be permitted to proceed at

taxpayer expense. It is recommended that Plaintiff be given until April 18, 2016, to pay the $400.00 civil filing fee.

## RECOMMENDATION

The undersigned recommends that:

1. Plaintiff's Application [2] to Proceed in forma pauperis be denied;

2. Plaintiff be given until **April 18, 2016**, to pay the $400.00 civil filing fee ($350.00 + $50.00 administrative fee); and

3. Should Plaintiff fail to timely pay the civil filing fee, this matter be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of

plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 16th day of February, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE